

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00598-CV

**IN RE** Robert **OTERO**

Original Proceeding[1]

PER CURIAM

Sitting:        Irene Rios, Justice
                      Lori I. Valenzuela, Justice
                      Velia J. Meza, Justice

Delivered and Filed: April 23, 2025

PETITION FOR WRIT OF MANDAMUS DENIED

On September 9, 2024, relator, Robert Otero, filed a petition for writ of mandamus and a motion for emergency relief challenging an order compelling production of certain documents. Because Otero has not shown he is entitled to the relief sought, we DENY the petition and lift the stay granted on September 11, 2024.

We recognize the trial court's order requires production of a limited set of documents— specifically, only those documents responsive to a deposition upon written questions noticed to the Rosenblatt Law Firm (RLF). *See* TEX. R. CIV. P. 200.1. The notice requests nine categories of documents, all of which relate to the law firm's representation of BIDACO, Ltd. (BIDACO):

> (1) Any document evidencing an engagement agreement by and between [RLF] and Robert Otero for the purpose of providing legal services to BIDACO.

---

[1]This proceeding arises out of Cause No. 23230A, styled *Loren Brown, Dean Davis, and Bill Mochel v. Robert Otero*, pending in the 216th Judicial District Court, Kerr County, Texas, the Honorable Albert D. Pattillo, III presiding.

(2) Any document evidencing an engagement agreement by and between [RLF] and any representative of BIDACO for the purpose of providing legal services to BIDACO.

(3) All communications by and between [RLF] and Robert Otero in connection with [RLF's] provision of legal services to BIDACO.

(4) All communications by and between [RLF] and any representative of BIDACO in connection with [RLF's] provision of legal services to BIDACO.

(5) All communications by and between any person in connection with [RLF's] provision of legal services to BIDACO.

(6) Any and all billing invoices reflecting legal services [RLF] provided to BIDACO.

(7) Any and all billing invoices reflecting legal services [RLF] provided to Robert Otero on behalf of BIDACO.

(8) All documents [RLF] created in connection with [RLF's] representation of BIDACO.

(9) All documents maintained in [RLF's] case file in connection with [RLF's] representation of BIDACO.

Consequently, we read the order as requiring disclosure of only those documents relating to that firm's representation of BIDACO. *See* TEX. R. CIV. P. 176.6(c), 199.2(b)(5), 200.1(b). We do not read the trial court's order as requiring production of documents relating to RLF's representation of Otero in matters involving Associated Collision Center or Otero's previous lawsuit against BIDACO.

PER CURIAM